IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID MORGENSTERN** : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 08-00562 |
| : | |
| **JOHN J. DOUGHERTY and** : | |
| **INTERNATIONAL BROTHERHOOD OF** : | |
| **ELECTRICAL WORKERS, LOCAL 98, et al.** : | |
| : | |
| Defendants. : | |

## SUR-REPLY OF JOHN J. DOUGHERTY AND IBEW TO PLAINTIFF'S SUR-REPLY

Because Plaintiff's strategy is to prevail not by reasoned argument but by muddying the waters, Defendants Dougherty and IBEW find it necessary to submit this brief Sur-Reply. Morgenstern accuses Dougherty and IBEW of ignoring matters that they do not, in fact, ignore. Both of their prior briefs take full account of the fact that Dougherty made a comment "off the air." This they defined as the "Cole Comment." It was the comment allegedly made to Cole that Morgenstern had "inappropriate communications" with a 15 year old. While the Complaint does not, in fact, label the Cole Comment as "blabbing," Morgenstern does not, in any event, advance his case by applying that label. The statement is not actionable for the reasons already described, whether described as "blabbing" or not.

As Dougherty and IBEW already explained, the Cole Comment does not become actionable **because** it allegedly gave rise to a news report or **becaus**e others may have transmuted or amplified it. It must meet the standard of a defamatory statement in its own right. Only then could Dougherty or IBEW become liable, and even then, only for damages they proximately

caused. It is fundamental that one is liable for one's **own** conduct, and, in the context, of defamation for one's **own** statements. Without exception – and certainly Morgenstern has cited no authority otherwise – defamation cases analyze a speaker's statement for its defamatory content to determine the speaker's liability. In defamation and other tort cases, liability is expanded only in principled ways through doctrines such as *respondeat superior*, which, in effect, imposes liability for a party's act or failure to act when that party had power to exercise control over another liable party. But liability in the sense of the commissions of a wrongful act is generally not determined by examining **another's** conduct or the net **outcome** of a chain of causation, particularly an attenuated chain with intervening causes. Thus, the idea that Dougherty "set into motion the untrue information about Mr. Morgenstern," no matter what the net result of the chain of events Dougherty set into motion, has no bearing on the defamatory character of Dougherty's statement.

     Secondly, Morgenstern is incorrect that Dougherty did not consider the elements of false light. As Morgenstern's headings to Counts XXXV and XL are ambiguous, Dougherty briefed elements of both publicity given to private life and publicity placing a person in false light, to the extent they are distinct in Pennsylvania. (Morgenstern now claims he is proceeding under the latter theory.) Dougherty indeed argued that "inappropriate communications with a 15 year old" is not highly offensive to a reasonable person. Motion to Dismiss Memo at 15-16. Further, as Dougherty's and IBEW's citation to *Strickland v. University of Scranton*, 700 A. 2d. 979, 987 (Pa. Super. 1997) reveals, another element of false light is that the statement must be a "major misrepresentation of ... character, history, activities or beliefs ...." As Dougherty argued in his Memo at 16, "inappropriate communications" with a 15 year old is not such a misrepresentation,

particularly since Morgenstern concedes having "inappropriate communications" over the internet while at work with a 23 year old.   The phrase "inappropriate communications" is too innocuous to carry with it the exaggerated implication that, if the other person was a minor, Morgernstern is a pedophile.

  For the forgoing reasons, Dougherty's and IBEW's  Motion should be granted.


             Respectfully submitted,

             **BOCHETTO & LENTZ, P.C.**
              /s/GB1066
              /s/DJP2105

             By:_____
              George Bochetto, Esquire
              David J. Perlman, Esquire
              1524 Locust Street
              Philadelphia, PA 19102
              Ph: (215) 735-3900
              Fx: (215) 735-2455

Date: April 10, 2008        Attorney for Defendants,
              John J. Dougherty and International
              Brotherhood of Electrical Workers,
              Local 98

**CERTIFICATE OF SERVICE**

    I, David J. Perlman, Esquire, hereby certify that I caused to be served a true and correct copy of the foregoing Sur-Reply of John J. Dougherty and IBEW to Plaintiff's Sur-Reply upon the following counsel via electronic filing:

Joseph H. Blum, Esquire
Adam S. Barrist, Esquire
Christina M. Hughes, Esquire
FREY, PETRAKIS, DEEB, BLUM, BRIGGS & MITTS, P.C.
1601 Market Street, Suite 2600
Philadelphia, PA 19103
*Attorneys for David Morgenstern*

Michael K. Twersky, Esquire
Jessica Richman Birk, Esquire
Joyce S. Meyers, Esquire
MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
*Attorneys for Fox Television Stations of Philadelphia, Inc.,
Fox Television Station, Inc. and Jeff Cole*

Maura E. Fay, Esquire
DILWORTH PAXSON, LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
*Attorney for Philadelphia Media Holdings, LLC (Philadelphia Daily
News), Dave Davies, and Gar Joseph*

Howard A. Rosenthal, Esquire
Patrick J. Doran, Esquire
PELINO & LENTZ, P.C.
One Liberty Place
1650 Market Street, 32nd floor
Philadelphia, PA 19103
*Attorneys for Pennsylvania Convention Center Authority,
Albert Mezzaroba and Sylvia Carrasquillo*

**BOCHETTO & LENTZ, P.C.**

/s/DJP2105
By:_____
David J. Perlman, Esquire

Date: April 10, 2008