IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                                      |   |                |
|--------------------------------------|---|----------------|
| DAVID MORGENSTERN                    | : | CIVIL ACTON    |
|                                      | : | NO. 08-0562    |
| v.                                   | : |                |
|                                      | : |                |
| FOX TELEVISION STATIONS OF           | : |                |
| PHILADELPHIA d/b/a/ FOX 29           | : |                |
| PHILADELPHIA, FOX TELEVISION         | : |                |
| STATIONS, INC., JEFF COLE,           | : |                |
| PHILADELPHIA MEDIA HOLDINGS,         | : |                |
| LLC, d/b/a PHILADELPHIA DAILY        | : |                |
| NEWS, DAVE DAVIES, GAR JOSEPH,       | : |                |
| INTERNATIONAL BROTHERHOOD            | : |                |
| OF ELECTRICAL WORKERS, LOCAL         | : |                |
| 98, and JOHN J. DOUGHERTY            | : |                |

O'NEILL, J.                                                    FEBRUARY 23, 2010

## MEMORANDUM

Presently before me are two motions. First, plaintiff has moved to compel answers to the first set of interrogatories addressed to defendant John J. Dougherty. Dougherty opposes the motion. Second, Dougherty and I.B.E.W. Local 98 have moved to place the action in civil suspense.[1] Plaintiff opposes that motion. Because the two motions are interrelated, I will discuss both in this memorandum. For the following reasons, I will grant both motions.

## BACKGROUND

Plaintiff filed a complaint against a variety of defendants including Philadelphia Media

---

[1] Dougherty and Local 98 move to place the case in civil suspense. If I grant the motion, the case will be removed from the active docket and placed on the appropriately named "civil suspense docket." Another similar option is to hold the case in abeyance. Holding a case in abeyance has the same practical effect as placing it in civil suspense, except that the case remains on the active docket. Because the Court's internal case management policies discourage placing cases on the civil suspense docket, I will consider the motion to place the case in civil suspense as a motion to hold the case in abeyance.

Holdings, LLC d/b/a Philadelphia Daily News, Dave Davies and Gar Joseph (collectively, "Daily News defendants"), as well as Dougherty and Local 98. Plaintiff alleged that defendants had made false and defamatory statements about him. Dougherty and Local 98 then filed a cross claim seeking indemnification from all other defendants. Discovery proceeded amongst all parties until, on June 10, 2009, Philadelphia Media Holdings filed for bankruptcy. Thereafter, pursuant to 11 U.S.C. §362(a), all civil litigation to which Philadelphia Media Holdings was a party was automatically stayed. The Bankruptcy Court extended the stay to "non-debtor affiliates" of Philadelphia Media Holdings, including Davies and Joseph.

In light of the stay, the parties concluded that they would be unable to complete discovery by the February 26, 2010 deadline set out in my scheduling Order. The uncertainty surrounding the bankruptcy proceedings rendered them unable even to propose a new scheduling Order. In a December 10, 2010 letter to me, plaintiff admitted that the parties were unable to move forward and, in essence, asked that I come up with solution short of holding the case in abeyance.

STANDARD OF REVIEW

I.  Motion to Hold the Case in Abeyance

This Court has broad discretion to stay proceedings. Bechtel Corp. v. Local 215, Laborer's Intern. Union of N. America, AFL-CIO, 544 F.2d 1207, 1215 (3d Cir. 1976). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). In deciding a motion to stay, the court must "weigh competing interests and maintain an even balance." Id.

My colleague, Judge Pollak, under slightly different circumstances,[2] discussed five factors relevant to the balancing analysis:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

See Golden Quality, 87 F.R.D. at 56.

II.     Motion to Compel

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery. Fed. R. Civ. P. 26. It provides that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Rule 33 governs the use of interrogatories for the purpose of discovery. Fed. R. Civ. P. 33. It provides that "[e]ach interrogatory must . . . be answered separately and fully in writing under oath." Id. at 33(b)(3). To the extent that a party objects to an interrogatory, such objection "must be stated with specificity," and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Id. at 33(b)(4).

---

[2]     In Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc. et al., 87 F.R.D. 53 (E.D. Pa. 1980), Judge Pollak considered whether to stay a civil antitrust case in light of a parallel criminal proceeding involving the same parties and the same factual allegations. See Golden Quality, 87 F.R.D. at 55. Although the present case does not involve a parallel criminal proceeding, I find the Golden Quality Court's analysis to apply with equal force here.

DISCUSSION

I.  Motion to Hold the Case in Abeyance

    A.  Parties' Arguments

Dougherty and Local 98 move to hold this case in abeyance because the Daily News defendants are protected from civil litigation by virtue of their bankruptcy proceedings. As a result, no depositions can proceed because the Daily News defendants will not be in attendance and the parties are unwilling to risk incurring the expense of retaking those depositions after the bankruptcy stay is lifted.[3] Furthermore, regardless of the precise nature of the outcome of the bankruptcy case, Dougherty and Local 98 anticipate an appeal. In other words, it will be quite some time before the Daily News defendants are available to attend depositions.

Plaintiff opposes holding this case in abeyance but he concedes that necessary depositions cannot currently be taken and therefore the case is at a standstill. Both parties acknowledge that in order to proceed, the Daily News defendants must be eliminated from the case. To that end, plaintiff has volunteered to dismiss the Daily News defendants from the lawsuit and proceed solely with his claims against the other defendants. That action alone, however, will not allow the case to move forward because the Daily News defendants are named as defendants in the cross claims of Dougherty and Local 98. Therefore, in order to eliminate the Daily News defendants from the lawsuit, Dougherty and Local 98 would need to dismiss their cross claims. They have agreed to do so only under conditions which plaintiff considers unreasonably–namely,

---

[3] The parties agree that the Daily News defendants are entitled to attend the unspecified depositions at issue in this motion. I note, however, that there is no allegation in the present briefs that the individuals plaintiff seeks to depose are themselves protected by the bankruptcy stay.

4

that plaintiff agree to dismiss its claims against Dougherty and Local 98. Instead of agreeing to the terms he views to be objectively unreasonable, plaintiff instead suggests that I hold the cross claims against the Daily News defendants in abeyance and permit plaintiff's case against the non-bankrupt defendants to proceed.

    B.    Balancing Analysis

        1.    Plaintiff's Interest in Proceeding Expeditiously Versus the Potential Prejudice to Plaintiff of a Delay

Plaintiff clearly has an interest in the expeditious resolution of his case. Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 579 (S.D.N.Y. 2001). This is especially true where accusations against plaintiff have allegedly rendered him a "pariah" in society. However, "the court may insist that plaintiff establish more 'prejudice' than simply the right to pursue his case and vindicate his claim expeditiously." State Farm Mutual Automobile Ins. Co. v. Beckham-Easley, No. 01-5530, 2002 WL 31111766, at *1 (E.D. Pa. Sept. 18, 2002). After all, delays in civil suits–especially ones, like here, that includes a number of defendants–are fairly common. Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 528 (D.N.J. 1998). Plaintiff has made no allegation that a stay would result in dissipation of assets, loss of evidence or other similarly severe consequences. See, e.g., Citibank, N.A. v. Hakim, No. 92-6233, 1993 WL 481335, at *2 (S.D.N.Y. Nov. 18, 1993). In sum, plaintiff has advanced no prejudice other than delay in pursuing his suit. This factor weighs in favor of granting the stay. See Walsh Securities, Inc., 7 F. Supp. 2d at 528.

        2.    Burden on the Defendants if the Case Proceeds

Defendants assert that they will be prejudiced if this case proceeds because they might

have to bear the expense of deposing witnesses in the absence of the Daily News defendants and then re-deposing those same witnesses after the bankruptcy stay is lifted. Mindful of how expensive it is to depose witnesses, I am hesitant to require defendants to bear this expense.

Additionally, in order for this case to proceed, I must also hold the cross claims against the Philadelphia Daily News defendants in abeyance. If I were to do so, defendants Dougherty and Local 98 would need to pursue their indemnification and contribution claims in a separate action. This would undoubtedly be more time consuming and more expensive than trying the claims and cross claims simultaneously. This factor also weighs in favor of granting the stay.

3.   The Efficient Use of the Judicial System

Plaintiff requests that I grant his motion to dismiss voluntarily the Daily News defendants and, as discussed above, that I hold the cross claims against the Daily News defendants in abeyance.[4] If I were to follow this course and remove the Daily News defendants from this case, I would face the prospect of at least one additional trial at some point in the future. To empanel another jury and convene the parties again would clearly be less efficient than holding the case in abeyance until all the parties are available to prosecute and defend all the claims and cross claims at once. This factor weighs in favor of granting the stay.

---

[4] Plaintiff argues that the cross claims for indemnification and contribution are not presently ripe because there has been no finding that Dougherty and Local 98 are liable. This objection, however, overlooks case law replete with examples of cross claims for indemnification and contribution. See, e.g., Missouri v. Jenkins, 495 U.S. 33, 37 (1990); McCutcheon v. America's Servicing Co., 560 F.3d 143, 146 (3d Cir. 2009); Penn Nat'l Ins. v. HNI Corp., 482 F. Supp. 2d 568, 573 (M.D. Pa. 2007). In cases where defendants file cross claims for indemnification and contribution, the jury will first decide whether the defendants are liable to the plaintiff and then decide whether one defendant is liable to the other for indemnification or contribution. There are no ripeness concerns with the present arrangement of the case.

4. Interests of Persons not Party to the Litigation

This factor deserves much greater weight where there is a parallel criminal proceeding. See Golden Quality Ice Cream Co., 87 F.R.D. at 58. However, the parties in the present case will conceivably need to depose non-parties. If such depositions need to be re-taken in the future because the Daily News defendants were unable to attend, the non-party deponents will be inconvenienced. This factor weighs in favor of granting the stay.

5. The Public Interest

The District Court for the District of New Jersey has stated that "[t]here is no harm to the public interest in granting a stay of [a] civil case." Walsh Sec., Inc., 7 F. Supp. 2d at 529. It noted that courts have denied stays only in limited circumstances such as where the civil case was brought by the federal government to halt the distribution of mislabeled drugs, see id. (citing United States v. Kordel, 397 U.S. 1, 11 (1970)), or the dissemination of misleading information to the public, see id. (citing Securities and Exchange Comm'n v. Dresser Indus., 628 F.2d 1368, 1377 (D.C. Cir. 1980)). Here, the harm to the public from a stay of this case would be much less substantial. This factor weighs in favor of granting the stay.

C. Conclusion

Because all five factors in the Golden Quality Ice Cream analysis weigh in favor of granting the stay, I will do so. Unfortunately, this course of action means that plaintiff will be delayed in pursuing his lawsuit. Such delay is a lamentable but unavoidable consequence of the bankruptcy system in this country.

As discussed infra, this case will be held in abeyance only after non-deposition discovery has been completed. If, before that time, the parties can think of some way to avoid holding this

case in abeyance, they should inform me and I will reconsider this decision.

II.     Motion to Compel

Plaintiff also moved to strike Dougherty's objections to the First Set of Interrogatories and to compel Dougherty to answer. In his objections, Dougherty includes seven general objections. Then, to each of seven interrogatories, Dougherty merely states "Dougherty incorporates the General Objections as if set forth fully herein."[5] This form of objection falls far short of meeting Rule 33's standard that each objection be stated with specificity. Fed. R. Civ. P. 33(b)(4). By objecting in this general manner, Dougherty requires both plaintiff and the Court to review each of the seven general objections and anticipate which may apply to each interrogatory. The purpose of Rule 33's specificity standard is to avoid exactly this inefficient expenditure of time and resources. If Dougherty had specific objections to the propounded interrogatories, he should have made them. Because he has failed to do so in a timely manner, his objections will be stricken and plaintiff's motion to compel will be granted.

I note that my decision to hold this case in abeyance should have no effect on the non-deposition discovery yet to occur. Such non-deposition discovery, to the extent that it is not directed to the Daily News defendants, is proper and will not result in avoidable duplication. For this reason, the parties should complete all such discovery in accord with the Scheduling Order. If additional time is needed by any party, that party should file an appropriate motion.

An appropriate Order follows.

---

[5] In Dougherty's only variance from this form, in response to interrogatory number two he states "Dougherty incorporates the General Objections as if set forth fully herein. Dougherty also objects to the phrase 'communications . . . pertaining to the notion . . .' as non-specific and not subject to reasonable interpretation."