IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MORGENSTERN | : | CIVIL ACTION |
|  | : | NO. 08-562 |
| v. | : | |
|  | : | |
| PENNSYLVANIA CONVENTION CENTER AUTHORITY d/b/a PENNSYLVANIA CONVENTION CENTER, et al. | : : : : | |

### MEMORANDUM AND ORDER

AND NOW, this 14th day of December, 2011, upon consideration of the motion of plaintiff David Morgenstern seeking dismissal of this action with leave to re-file in state court, the response thereto by defendants Philadelphia Media Holdings, LLC and Gar Joseph (the "Daily News defendants")[1] and plaintiff's supplemental memorandum in support of his motion to for leave to dismiss the action, it is ORDERED that plaintiff's motion is DENIED for the reasons that follow.

In his Complaint, plaintiff alleged that this Court had federal subject matter jurisdiction under 28 U.S.C. § 1331 based on his civil rights claims against the Pennsylvania Convention Center Authority.  Compl. ¶ 14.  Plaintiff alleged that this Court had supplemental jurisdiction over the claims against the Daily News defendants.  Id.  Plaintiff has now settled his claims against the Pennsylvania Convention Center Authority, Albert Mezzaroba and Sylvia Carrasquillo (the PCCA defendants).  Plaintiff also asserts that he has a pending agreement to settle his claims against Fox Television Stations of Philadelphia, Inc. d/b/a Fox 29 Philadelphia, Fox Television Stations, Inc. and Jeff Cole (the Fox defendants), leaving only his state law

---

[1] The parties have stipulated to the voluntary dismissal of Daily News defendant Dave Davies.

claims for defamation, defamation per se and false light invasion of privacy against the Daily News defendants.  Pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367(c)(3), "district courts may [(but are not obligated to)] decline to exercise supplemental jurisdiction . . . if the district court has dismissed all claims over which it has original jurisdiction." See Mannella v. Cnty. of Allegheny, 66 Fed. App'x 368, 373 (3d Cir. 2003) (citation omitted) ("While the dismissal of all federal claims before trial might warrant the relinquishment of jurisdiction over state claims, the Supreme Court has explained that this action is not mandatory but rather a matter of discretion.").

      Two reasons weigh in favor of my exercise of discretion to retain jurisdiction over this matter.  First, as the Daily News defendants assert, resolution of plaintiff's claims against them may require an interpretation of federal constitutional standards.  If the Daily News defendants are able to establish that plaintiff was a public official, the conduct of the Daily News defendants must be considered under the constraints of the First Amendment.  "[T]he Constitution delimits a State's power to award damages for libel in actions brought by public officials against critics of their official conduct." N.Y. Times Co. v. Sullivan, 376 U.S. 254, 283 (1964).  "When the speech is of public concern and the plaintiff is a public official or public figure, the Constitution clearly requires the plaintiff to surmount a much higher barrier before recovering damages from a media defendant than is raised by the common law." Phila. Newspapers, Inc. v. Hepps, 475 U.S. 767, 776 (1986); see also Roffman v. Trump, 754 F. Supp. 411, 415 (E.D. Pa. 1990) ("[I]t can be said that the Supreme Court has 'federalized' defamation law as it relates to public figures or issues of public concern . . . .").  A public official libel plaintiff must prove that defendants acted with actual malice in order to recover for a defamatory statement.  See Harte-Hanks Commc'ns,

Inc. v. Connaughton, 491 U.S. 657, 659 (1989).  I will retain jurisdiction so that I may consider any First Amendment concerns raised by plaintiff's claims.

Second, resolution of plaintiff's claims against the Daily News defendants in this forum would serve the principles of convenience and judicial economy.  See Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988) (holding that a district court should retain jurisdiction where it "best serves the principles of judicial economy, procedural convenience, fairness to litigants, and comity").  Plaintiff's case has been pending in this Court for nearly four years.  Discovery and briefing on the Daily News defendants' motion for summary judgment are complete.  C.f. Kennedy v. Lankenau Hosp., No. 97-5631, 1999 WL 782527, at * (E.D. Pa. Sept. 28, 1999 (finding that dismissal "would contravene the interests of judicial economy by requiring third-party plaintiff to refile in state court, engage in duplicative discovery and waste significant judicial resources" where "discovery of the relevant facts was substantially complete"); Rosenberg v. JCA Assocs., Inc., No. 03-0274, 2007 WL 1038893, at *13 (D.N.J. Mar. 30, 2007) (finding "it is in the interest of judicial economy and fairness to the litigants that this Court retain jurisdiction over the remaining state court claims" where the "case has been pending in this Court for over three years and the parties have conducted over two years worth of discovery").  "[A] party is not permitted to [voluntarily] dismiss merely to . . . seek a more favorable forum." Thatcher v. Hanover Ins. Group, Inc., 659 F.3d 1212, 1214 (8th Cir. 2011), quoting Hamm v. Rhone–Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir.1999).  Plaintiff's case can be most efficiently disposed of in this forum – the forum he originally chose.

                                                *Thomas N. O'Neill, Jr.*
                                                THOMAS N. O'NEILL, JR., J.